with benefit of drawback, of merchandise not conforming to specifications.

Whether this would be real, and not illusory, relief may be questionable. No doubt, the importer would incur additional costs in exporting the merchandise, which costs he might or might not get back, or he might meet with administrative difficulty in establishing the specifications which were violated.

On the facts of the case and under the statute as it exists, I am unable to find a value for the merchandise other than that at which it was appraised.

I find as facts:

(1) That the merchandise under appraisement consisted of Poplar Plywood, Faces Red Helm, Backs Brandless, exported from Italy during August 1954.

(2) That the merchandise was appraised by the appraiser on the basis that it was first-class merchandise.

(3) That the merchandise imported was, in fact, not first-class merchandise, but was defective and did not meet the specifications under which it was ordered.

(4) That no evidence was offered upon which a finding of value under any of the statutory bases set forth in section 402, as amended, of the Tariff Act of 1930 might be made.

I conclude as matters of law:

(1) That, by operation of the statutory presumption attaching to the value found by the appraiser (28 U. S. C. § 2633), the value of the merchandise at bar is that found by the appraiser.

Judgment will issue accordingly.

July 17, 1957

**Reap. Dec. 8919.—**
—*Bunge Corporation, et al.* v. *United States.* Entered at New York, N. Y. [Not published.] Motion by plaintiffs.

July 17, 1957

**Reap. Dec. 8920.—**—*Bunge Corporation* v. *United States.* Entered at New York, N. Y. [Not published.] Motion by plaintiff.

**Reap. Dec. 8921.—**—*Brother International Corp.* v. *United States.* Entered at New York, N. Y. [Not published.] Motion by plaintiff.